IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAFRON HUOT,

        Plaintiff,

v.                                                                     No. 17cv730 JCH/KBM

MONTANA STATE DEPARTMENT OF
CHILD AND FAMILY SERVICES, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed July 12, 2017. For the reasons stated below, will **DISMISS** this case **without prejudice** and **DENY** Plaintiff's pending motions as moot.

Plaintiff asserts claims against the Montana Department of Child and Family Protective Services, the Montana Supreme Court, a Montana District Court and others regarding the termination of Plaintiff's parental rights. *See* Complaint at 5-6. Plaintiff seeks reinstatement of her parental rights, monetary damages, letters of apology and other relief. *See* Complaint at 8-11.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. The only statements regarding the court's jurisdiction are "Federal Question," "Basis of Jurisdiction - Federal Question," and "Nature of Suit – Civil Rights, #440 Other Civil Rights." Complaint at 4; Cover Sheet to

Complaint at 1, Doc. 1-1.

The Court does not have jurisdiction over this matter. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). There are no allegations that this action arises under the Constitution, laws, or treaties of the United States. Consequently, there is no properly alleged federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Nor is there any properly alleged diversity jurisdiction because Plaintiff and all Defendants reside in Montana. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between . . . citizens of different States"); *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006) (to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties"); *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Because the Court lacks jurisdiction over this case and is dismissing this case, the Court will deny as moot Plaintiff's Motion to Proceed In Forma

Pauperis, her Motion for Appointed Counsel, and her Motion to Set Aside Adoption & Reinstate Full Parental Rights.

**IT IS ORDERED** that:

(i) this case is **DISMISSED without prejudice;**

(ii) Plaintiff's Motion to Proceed In Forma Pauperis, Doc. 2, filed July 12, 2017, is **DENIED as moot;**

(iii) Plaintiff's Motion for Appointed Counsel, Doc. 4, filed July 12, 2017, is **DENIED as moot;** and

(iv) Plaintiff's Motion to Set Aside Adoption & Reinstate Full Parental Rights, Doc. 6, filed July 12, 2017, is **DENIED as moot;**

_____
**UNITED STATES DISTRICT JUDGE**